UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                              Civil No. 1:25-cv-00157

vs.

$8,664 UNITED STATES CURRENCY,

    Defendant Currency.
_____/

### VERIFIED COMPLAINT FOR FORFEITURE IN REM

NOW COMES Plaintiff, United States of America, by and through its attorneys, Andrew Byerly Birge, Acting United States Attorney for the Western District of Michigan, and Daniel T. McGraw, Assistant United States Attorney, and states upon information and belief that:

### NATURE OF THE ACTION

1. This is a civil forfeiture action filed pursuant to 21 U.S.C. § 881(a)(6) and Supplemental Rule G(2) of the Federal Rules of Civil Procedure to forfeit and condemn to the use and benefit of the United States of America $8,664 United States Currency (the "Defendant Currency").

### THE DEFENDANT IN REM

2. The Defendant Currency consists of $8,664 in United States Currency that was seized on or about October 16, 2024 by the Drug Enforcement Administration (DEA). The Defendant Currency is currently in the custody of the United States Marshal Service (USMS).

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1345 and 1355(b)(1)(A), because this action is being commenced by the United States of America as Plaintiff, and the acts giving rise to the basis for forfeiture occurred in this judicial district.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to forfeiture occurred in this judicial district, and/or pursuant to 28 U.S.C. § 1395(b), because the Defendant Currency was found within this judicial district.

## BASIS FOR FORFEITURE

5. As set forth below, the Defendant Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes (1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance; and/or (2) proceeds traceable to such an exchange; and/or (3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. §§ 841, 846.

## FACTS SUPPORTING FORFEITURE

6. In September and October 2024, investigators with the DEA and Kalamazoo Valley Enforcement Team (KVET) utilized a confidential informant to make two controlled purchases of cocaine from Ahmad Rashid Peoples in Kalamazoo, Michigan.

7.　　Immediately prior to the first controlled purchase, investigators saw Peoples leave an apartment on Lilac Lane in Kalamazoo ("the Subject Premises"), and drive a silver Nissan to the buy location. The Nissan was registered to Peoples at the Subject Premises.

8.　　Immediately after the second controlled purchase, investigators saw Peoples return to the Subject Premises.

9.　　According to records obtained from the Subject Premises apartment complex, the tenants of the Subject Premises were Antonia Torres and Peoples' minor child.

10.　　On October 16, 2024, investigators executed a state court-authorized search warrant at the Subject Premises. During the execution of the warrant, Peoples answered the door.

11.　　During the search of the Subject Premises, investigators found controlled substances, drug trafficking paraphernalia, a silver lock box containing the Defendant Currency, and several firearms and assorted ammunition.

12.　　Specifically:

　　a. In the living room of the Subject Premises, investigators found a backpack that contained approximately 52.35 grams of cocaine, 23.54 grams of methamphetamine, plastic straws, a digital scale, and miscellaneous packaging equipment. Investigators saw Peoples wearing this backpack during the second controlled purchase.

　　b. In the kitchen and dining room area of the Subject Premises,

   investigators found two bags that contained approximately 50 methamphetamine pills, a digital scale, and another backpack containing a bag of 435 grams of methamphetamine.

  c. In the southeast, primary bedroom of the Subject Premises, investigators found a silver lock box containing the $8,864 U.S. currency, and several firearms, including a HiPoint .4 caliber handgun, an AR rifle, a HiPoint .45 caliber rifle, a Mossberg 20-gauge shotgun, a Tristar 12-gauge shotgun, a Winchester .22 caliber rifle, and assorted ammunition.

 13. When reviewing the $8,864 of U.S. currency found in the silver lock box, investigators located $200 in prerecorded buy money that was used to purchase cocaine from Peoples. After removing the buy money, $8,664 U.S. currency, the Defendant Currency, remained.

 14. During an interview with investigators, Peoples admitted that the drugs found in the Subject Premises belonged to him and that he sold the drugs to make money. Peoples stated that the firearms found in the Subject Premises belonged to his wife, Antonia Torres, and that he touched them but did not shoot them. Peoples stated the lock box in the bedroom contained money that he had been saving and that his wife, Antonia Torres, had been saving.

 15. Upon information and belief, the Defendant Currency was furnished, or intended to be furnished, in exchange for drugs, constitutes the proceeds of drug trafficking, and/or was being used to facilitate violations of 21 U.S.C. §§ 841 and 846.

## CLAIM I

16.     Plaintiff hereby re-alleges paragraphs 1 – 15, as referenced above.

17.     The Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. Chapter 13, Subchapter I.

## CLAIM II

18.     Plaintiff hereby re-alleges paragraphs 1 – 15, as referenced above.

19.     The Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes proceeds traceable to an exchange of controlled substances in violation of 21 U.S.C. Chapter 13, Subchapter I.

## CLAIM III

20.     Plaintiff hereby re-alleges paragraphs 1 – 15, as referenced above.

21.     The Defendant Currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money used or intended to be used to facilitate a violation of 21 U.S.C. Chapter 13, Subchapter I.

## REQUESTED RELIEF

Wherefore, the United States requests that the Court issue a warrant for the arrest of the Defendant Currency; that due notice be given to all interested parties to appear and show cause why forfeiture to the United States of America should not be decreed; and that the Defendant Currency be condemned and forfeited to the United States of America and be delivered into the custody of the Drug Enforcement

Administration or the United States Marshals Service for disposition according to law; and for such other relief as this Court may deem just and proper.

Dated: February 12, 2025

ANDREW BYERLY BIRGE
Acting United States Attorney

_/s/ Daniel T. McGraw_
DANIEL T. McGRAW
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404

## VERIFICATION

I am a Task Force Officer of the Drug Enforcement Administration with personal involvement in this investigation.

I have read the contents of the foregoing Verified Complaint for Forfeiture In Rem, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 2/3/2025

MARCEL BEHNEN
Task Force Officer
Drug Enforcement Administration